## STANDARD OIL CO. OF LOUISIANA v. COOLEY et al.

Circuit Court of Appeals, Fifth Circuit.
February 3, 1928.

No. 5098.

1. **Salvage** �köö51—Appellate court should not reduce salvage award, unless so excessive as to be unjustifiable on any reasonable view.

It is difficult to arrive at a fair award in salvage cases, but appellate court should not alter decree for the reason that the award appears too large, unless the excess is so great that, on any reasonable view of the facts, the award cannot be justified by the rules of law applicable to the case.

2. **Salvage** �köö34—$4,000 for assistance by steamer to river barges and tug with disabled engines held not excessive.

Considering value of property involved, and assistance rendered, $4,000 awarded steamer, which took and made fast to the bank of the Mississippi a fleet of eight loaded oil barges and a tug with disabled engine adrift in the current, *held* not so large as to be excessive.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit for salvage by L. V. Cooley, master and owner of the steamer America, against the Standard Oil Company of Louisiana. From a decree for libelant (17 F.[2d] 950), on behalf of himself, the steamer and crew, respondent appeals. Affirmed.

Arthur A. Moreno, of New Orleans, La. (Lemle, Moreno & Lemle, of New Orleans, La., on the brief), for appellant.

John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOS-TER, Circuit Judges.

BRYAN, Circuit Judge. This appeal is taken on the ground that the decree of the District Court, which awarded $4,000 as salvage, is excessive.

While appellant's tug Standard, with eight barges loaded with fuel oil in tow, was proceeding down the Mississippi river, one of its two engines broke a camshaft. The other engine could not be used, and there were no anchors on board of sufficient weight to hold against the prevailing current in the river of 2½ or 3 miles per hour. The result was that the fleet was adrift in the current without motive power to direct its course. Distress signals were given just above Rich Bend, and about 60 miles above New Orleans, and in response appellee's river boat America came alongside. The barges were lashed ahead of the Standard in tiers, and were being taken by the current toward the west bank. The America was made fast to the rear barge on the port side, and therefore had the fleet between her and the west bank. She backed up, straightened the fleet out, and placed it sidewise, so as to flank the west bank, where it was made fast, and so remained until repairs were made, after which it proceeded safely on its voyage. The America's service began about 6:30 p. m., and lasted but little more than an hour.

Five of the barges were constructed of wood, and because of their age were regarded by appellant to be of only nominal value. They were heavily loaded, and contained in the aggregate fuel oil of a value of approximately $29,000. Other approximate values, as estimated by appellant, were as follows: The three steel barges, $140,000; their cargo, $41,000; and the tug Standard, $38,000—or a total of $248,000. The America was insured for $40,000, though appellant claims that she was of much less value.

The risk to the America was slight. It is suggested that, if the barges had struck the bank head on, or nearly so, the current was sufficient to swing the whole fleet around and crush the America between it and the bank; but that operation would have been a slow one, and would have afforded ample time to cast off lines. There was some risk that she might become disabled or damaged by striking a snag or floating piece of timber. There was apparent danger that, but for the America's assistance, the current of the river would force the fleet of barges against the bank, and that the impact would break up one or more of the wooden barges.

In that event there would have been a loss of cargo of considerable value. There was also apparent danger that one or more of the steel barges might have been broken in two by striking the bank, or some other object, with such force as would have raised up one end and placed too much weight on the other. The greatest danger to the fleet was that of a collision with some moving vessel or stationary object on the river.

[1] It is always difficult to arrive at a fair award in salvage cases; but an appellate court "should not alter the decree for the reason that the amount awarded appears to be too large, unless the excess is so great that, upon any reasonable view of the facts found, the award cannot be justified by the rules of law applicable to the case." The Connemara, 108 U. S. 352, 360, 2 S. Ct. 754, 759, 27 L. Ed. 751.

[2] In this case, considering the value of the property involved and the assistance rendered, which we think was meritorious, the amount awarded by the decree is not, in our opinion, so large as that it fairly can be held to be excessive.

The decree is affirmed.